**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 15 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAIRO MEJIA VEGA, | No. 11-70161 |
| Petitioner, | Agency No. A093-158-914 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

| | |
|---|---|
| JAIRO ALBERTO MEJIA-VEGA, | No. 11-71551 |
| Petitioner, | Agency No. A093-158-914 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted June 4, 2015[**]
Pasadena, California

Before: KOZINSKI and CALLAHAN, Circuit Judges and SINGLETON,[***] Senior District Judge.

Jairo Mejia Vega seeks relief from the Board of Immigration Appeals' (BIA) reinstatement of his prior order of removal and its denial of his motion to reopen. We deny his petitions for review.

**1.** Our review of a reinstatement order is limited to constitutional claims and questions of law where a petitioner can demonstrate a "gross miscarriage of justice" in the prior proceedings. *Villa-Anguiano v. Holder*, 727 F.3d 873, 877 (9th Cir. 2013); *Garcia de Rincon v. Dep't. of Homeland Sec.*, 539 F.3d 1133, 1137–38 (9th Cir. 2008). Mejia Vega has failed to demonstrate a "gross miscarriage of justice" because the BIA properly sent notice of its decision to the detention center where Mejia Vega was confined. Moreover, Mejia Vega has failed to show prejudice. *See Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 496 (9th Cir. 2007) (en banc) (as amended). The BIA's denial of Mejia Vega's appeal from the deportation order issued *in absentia* was not "arbitrary, irrational, or

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable James K. Singleton, Senior District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

contrary to law," *Singh v. I.N.S.*, 295 F.3d 1037, 1039 (9th Cir. 2002) (internal quotation marks omitted), because Mejia Vega did not show "that [his] failure to appear was because of exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i).

**2.** We review the BIA's denial of a motion to reopen for abuse of discretion, *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005), and we lack jurisdiction to review the BIA's failure to exercise its *sua sponte* authority to reopen. *Mejia-Hernandez v. Holder*, 633 F.3d 818, 823–24 (9th Cir. 2011). Contrary to Mejia Vega's contention, the BIA, in denying Mejia Vega's motion, did not impose any technical definition of due diligence, but simply held that in light of Mejia Vega's presence in the United States since March 1999, he had not shown "reasonable diligence" in ascertaining the status of his case or seeking relief from the BIA's February 1999 order. Mejia Vega has not presented a sufficient factual basis for holding that this decision was an abuse of discretion, and he has not shown that the BIA's failure to explicitly deny his request that it exercise its *sua sponte* authority, if judicially reviewable at all, was an abuse of discretion.

The petitions for review are **DENIED**.